FREDRIC D. WOOCHER (SBN 96689)
MICHAEL J. STRUMWASSER (SBN 58413)
STRUMWASSER & WOOCHER LLP
100 Wilshire Boulevard, Suite 1900
Santa Monica, California  90401
Telephone:     (310) 576-1233
Facsimile:      (310) 319-0156
E-mail:  fwoocher@strumwooch.com

J. WILLIAM YEATES (SBN 84343)
KEITH G. WAGNER (SBN 210042)
JASON R. FLANDERS (SBN 238007)
LAW OFFICE OF J. WILLIAM YEATES
3400 Cottage Way, Suite K
Sacramento, CA 95825
Telephone:     (916) 609-5000
Facsimile:      (916) 609-5001
E-mail:  byeates@enviroqualitylaw.com

Attorneys for Plaintiffs William Melendez et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MELENDEZ, KEN GRAY, JYL LUTES, CAROLYN ANDERSON, and LANDWATCH MONTEREY COUNTY,<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF SUPERVISORS OF THE COUNTY OF MONTEREY; TONY ANCHUNDO, in his capacity as MONTEREY COUNTY REGISTRAR OF VOTERS; COUNTY OF MONTEREY; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.  C 06-1730 JW<br><br>PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE: PRELIMINARY INJUNCTION, OR ALTERNATIVELY FOR REMAND<br><br>Judge: Hon. James Ware<br>Dept:   8<br>Date:<br>Time: |

Plaintiffs William Melendez, Ken Gray, Jyl Lutes, Carolyn Anderson, and LandWatch Monterey County hereby respectfully apply ex parte for a Temporary Restraining Order and OSC re: Preliminary Injunction pursuant to Rule 65, subdivision (b), of the Federal Rules of Civil Procedure. In accordance with Local Rule 65-1, this application is accompanied by a copy of the Petition and Complaint in this action (attached hereto as Exhibit A), a separate memorandum of points and authorities in support of the application, and a proposed temporary restraining order and order to show cause.

This is an *urgent election matter*, requiring the Court's *immediate intervention* in order to protect the constitutional rights of tens of thousands of Monterey County voters to petition their government by voting on a qualified initiative measure. As is set forth in greater detail in the accompanying Complaint and in Plaintiffs' Memorandum of Law in Support of Ex Parte Application for TRO and OSC Re: Preliminary Injunction, on January 26, 2006, Monterey County Registrar of Voters Tony Anchundo certified that the General Plan Amendment Initiative petition sponsored by Plaintiffs had been signed by 12,587 registered voters in the County of Monterey — almost 50% more than the number needed to qualify the Initiative for the ballot. Pursuant to California Elections Code section 9118 and the established case law, upon receiving the County Registrar's certification of sufficiency, the Monterey County Board of Supervisors had a *mandatory and ministerial* obligation either to adopt the proposed initiative without alteration or to submit it to a vote of the people at the next statewide election. On February 28, 2006, however — acting against the advice of its own County Counsel — a 3-2 majority of the Board refused to place the General Plan Amendment Initiative on the June 6, 2006, statewide primary election ballot.

The Board of Supervisors' refusal to submit the General Plan Amendment Initiative to the voters was blatantly unlawful. As the California Court of Appeal held in *Save Stanislaus Area Farm Economy v. Board of Supervisors* ("*Save Stanislaus*") (1993) 13 Cal.App.4th 141, 149: "The law is clear: A local government is not empowered to refuse to place a duly certified initiative on the ballot." Accordingly, Plaintiffs filed suit the very next day in Monterey County Superior Court, seeking an order commanding the Board to place the Initiative on the June ballot. In light of the impending ballot printing deadline, Plaintiffs requested an expedited hearing on their Petition and Complaint.

On March 7, the Superior Court granted Plaintiffs' request, issuing an Alternative Writ of Mandate commanding the Board of Supervisors either to submit the General Plan Amendment Initiative to the voters

1

at the June 6, 2006, election, or to show cause on March 16, 2006, why a peremptory writ of mandate should not issue commanding the Board to place the qualified Initiative on the ballot. *See* Declaration of Fredric D. Woocher in Support of Plaintiffs' Application for TRO and OSC Re: Preliminary Injunction ("Woocher Decl."), Exh. 1. Later that same day, however, after receiving notice of the Superior Court's order, the Board of Supervisors filed a Notice of Removal to this Court pursuant to 28 U.S.C. section 1443(2), claiming that "[o]ne of the primary reasons that Defendants declined to place this measure on the ballot was because . . . the measure apparently violates provisions of Section 203 (42 U.S.C. § 1973aa-1a) Federal Voting Rights Act of 1965 ('FVRA'), which requires that 'other materials or information' relating to the electoral process' be translated into Spanish in Monterey County." Notice of Removal, ¶ 4.

Defendants' removal of this case to federal court — like their refusal to submit the certified initiative to the voters itself — is ***nothing more than a delaying tactic***, by which the Board hopes to exhaust Plaintiffs' resources and to prevent the Initiative from being voted on in the June election, so that the Board can attempt to "moot" the General Plan amendments proposed by the Initiative by enacting its own revised General Plan (a project that the Board has been working on for six years). As the Court of Appeal explained in *Save Stanislaus*, one of the principal reasons why the Elections Code imposes a ***ministerial duty*** on the Board of Supervisors to submit a certified initiative to the voters is that if the Board were permitted to keep a qualified initiative off the ballot unless and until its proponents were able to secure a court order compelling its submission to the voters, "[s]uch action by local government could well be timed in such a way as to render the government's conduct unreviewable." 13 Cal.App.4th at 147.

That is exactly what Defendants hope to accomplish in this case. The Monterey County Superior Court was poised to hold a hearing that would have resulted in a timely order commanding the Board of Supervisors to place Plaintiffs' Initiative on the June 6 ballot. Rather than attempt to defend its refusal to comply with the law in that hearing, the Board instead removed the Complaint to this Court, hoping to delay the proceedings long enough that it might no longer be possible to place the Initiative on the June ballot. In order to prevent the Board from achieving this illegitimate objective, Plaintiffs request that this Court ***immediately*** issue the requested TRO and OSC Re: Preliminary Injunction, which would merely ensure that the necessary preliminary steps are taken to permit the General Plan Amendment Initiative to appear on the June 6, 2006, ballot in the event this Court agrees that the Board was indeed obligated to submit

2

the measure to the voters.

Specifically, the Temporary Restraining Order requested by Plaintiffs would require Defendant Monterey County Registrar of Voters Tony Anchundo to accept ballot arguments for or against the proposed General Plan Amendment Initiative through the close of business on Friday, March 17, 2006, and to accept rebuttal arguments for or against the measure through the close of business on Wednesday, March 22, 2006. Under California law, any member of the Board of Supervisors, any individual eligible voter, any bona fide association of citizens, or any combination of voters and associations may prepare and submit written arguments for or against a proposed county measure to be included in the Voter Information Pamphlet (Cal. Elec. Code, § 9162); the same individuals, or any other persons authorized by them in writing, may also prepare and submit rebuttal arguments to the selected arguments for or against the measure (*id.*, § 9167). Based upon the time reasonably necessary to prepare and print the arguments and to permit a 10-calendar-day public examination period, the Registrar of Voters determines a reasonable deadline for the submission of the primary and rebuttal ballot arguments. *Id.*, § 9163.

For the June 6, 2006, statewide primary election, Defendant Anchundo had set March 16 as the last day to submit arguments for or against proposed ballot measures and March 21 as the deadline to submit rebuttal arguments. *See* Notice of Election, attached to Woocher Decl., Exh. 2. The Temporary Restraining Order requested by Plaintiffs would extend these deadlines by one day, in order to provide interested members of the public with a sufficient opportunity to prepare and submit proposed ballot arguments. This brief one-day extension should not interfere in any manner with the Registrar of Voters' ability to prepare the ballot pamphlet and other materials for the June election.

The Order to Show Cause Re: Preliminary Injunction requested in this application seeks a hearing on or before March 27, 2006, on Plaintiffs' request for a Preliminary Injunction compelling Defendants Anchundo and the Board of Supervisors to place the General Plan Amendment Initiative on the June 6, 2006, statewide primary election ballot. Plaintiffs have been informed by Defendants' counsel that March 28, 2006, is the date on which Registrar of Voters Anchundo plans to send the ballots and other materials for the June primary election to the printer. *See* Woocher Decl., ¶ 2. Although the failure to meet this deadline would not defeat Plaintiffs' legal entitlement to the relief sought in this action — and although the ballot pamphlet materials relating to the General Plan Amendment Initiative could presumably be included

3

1  in a supplemental voter information pamphlet, if necessary — Plaintiffs have no desire to add to the
2  County's printing expense or to confuse voters by having these materials separately presented to them.
3  This action was filed almost two weeks ago, and Defendants' counsel is fully aware of the legal arguments
4  and authorities on which Plaintiffs rely.  Thus, Defendants are — or certainly should be — prepared to
5  attempt to defend and to justify the Board's refusal to submit the General Plan Amendment Initiative to the
6  voters on an expedited basis.

7        Plaintiffs have done and are doing everything in their power to expedite the consideration of this
8  time-urgent matter. As the Court of Appeal cautioned in *Save Stanislaus*, the Board of Supervisors should
9  not be permitted to achieve its illegitimate objective of thwarting the people's exercise of their reserved
10 initiative power by unlawfully refusing to call for an election on the General Plan Amendment Initiative and
11 then stalling the judicial proceedings in order to prevent a timely vote on the measure. *See* 13 Cal.App.4th
12 at 147-48.  Petitioners therefore respectfully request that this Court grant Plaintiffs' application and issue
13 the requested TRO and OSC Re: Preliminary Injunction as quickly as the Court's schedule will permit.
14 //
15 //

4

1  DATE: March 14, 2006              Respectfully Submitted,

2                                    STRUMWASSER & WOOCHER LLP
                                     Fredric D. Woocher
3                                    Michael J. Strumwasser

4                                    LAW OFFICE OF J. WILLIAM YEATES
                                     J. William Yeates
5                                    Keith G. Wagner
                                     Jason R. Flanders
6

7

8                                    By _____/ s /_____
                                              Fredric D. Woocher
9

10                                   *Attorneys for Petitioners and Plaintiffs*
                                     *William Melendez, Ken Gray, Jyl Lutes,*
11                                   *Carolyn Anderson, and Landwatch Monterey*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5