1  FREDRIC D. WOOCHER (SBN 96689)
   MICHAEL J. STRUMWASSER (SBN 58413)
2  ZAHIRAH WASHINGTON (SBN 222140)
   STRUMWASSER & WOOCHER LLP
3  100 Wilshire Boulevard, Suite 1900
   Santa Monica, California 90401
4  Telephone:  (310) 576-1233
5  Facsimile:  (310) 319-0156

6  J. WILLIAM YEATES (SBN 84343)
   KEITH G. WAGNER (SBN 210042)
7  JASON R. FLANDERS (SBN 238007)
   LAW OFFICE OF J. WILLIAM YEATES
8  3400 Cottage Way, Suite K
   Sacramento, CA 95825
9  Telephone: (916) 609-5000
   Facsimile: (916) 609-5001
10

11 Attorneys for Petitioners and Plaintiffs

12

13           SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                    FOR THE COUNTY OF MONTEREY

15

16 WILLIAM MELENDEZ, KEN GRAY, JYL         CASE NO.  M78308
17 LUTES, CAROLYN ANDERSON, and
   LANDWATCH MONTEREY COUNTY,              VERIFIED PETITION FOR WRIT
18                                         OF MANDATE AND COMPLAINT
                  Petitioners and Plaintiffs,  FOR INJUNCTIVE AND
19                                         DECLARATORY RELIEF
20
           v.                              BY FAX
21
22 BOARD OF SUPERVISORS OF THE
   COUNTY OF MONTEREY; TONY
23 ANCHUNDO, in his capacity as MONTEREY
   COUNTY REGISTRAR OF VOTERS;
24 COUNTY OF MONTEREY; and DOES 1
25 through 10, inclusive,

26
                  Respondents and Defendants.
27

28

**FILED**

MAR 01 2006

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
C. WILLIAMS  DEPUTY

Printed on Recycled Paper

FREDRIC D. WOOCHER (SBN 96689)
MICHAEL J. STRUMWASSER (SBN 58413)
ZAHIRAH WASHINGTON (SBN 222140)
STRUMWASSER & WOOCHER LLP
100 Wilshire Boulevard, Suite 1900
Santa Monica, California 90401
Telephone:  (310) 576-1233
Facsimile:  (310) 319-0156

J. WILLIAM YEATES (SBN 84343)
KEITH G. WAGNER (SBN 210042)
JASON R. FLANDERS (SBN 238007)
LAW OFFICE OF J. WILLIAM YEATES
3400 Cottage Way, Suite K
Sacramento, CA 95825
Telephone: (916) 609-5000
Facsimile: (916) 609-5001

Attorneys for Petitioners and Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF MONTEREY

| | |
|---|---|
| WILLIAM MELENDEZ, KEN GRAY, JYL LUTES, CAROLYN ANDERSON, and LANDWATCH MONTEREY COUNTY,<br><br>Petitioners and Plaintiffs,<br><br>v.<br><br>BOARD OF SUPERVISORS OF THE COUNTY OF MONTEREY; TONY ANCHUNDO, in his capacity as MONTEREY COUNTY REGISTRAR OF VOTERS; COUNTY OF MONTEREY; and DOES 1 through 10, inclusive,<br><br>Respondents and Defendants. | CASE NO.<br><br>VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF |

COME NOW Petitioners and Plaintiffs WILLIAM MELENDEZ, KEN GRAY, JYL LUTES, CAROLYN ANDERSON, and LANDWATCH MONTEREY COUNTY, and allege as follows:

## INTRODUCTION

1. Petitioners and Plaintiffs ("Petitioners") in this action seek an order commanding the Monterey County Board of Supervisors to comply with its ministerial duty under state law either to adopt the initiative measure proposed and supported by Petitioners or to submit the proposed measure, without alteration, to a vote of the electorate at the June 6, 2006, statewide primary election. Petitioners' initiative petition calling for amendment of the Monterey County General Plan was signed by more than 12,500 registered voters in the county, and it was duly certified by Monterey County Registrar of Voters Tony Anchundo as qualifying for the ballot in every legal respect. Nevertheless, ***in direct violation of state law and controlling judicial authority*** — and disregarding the legal advice of its own County Counsel — Respondent Monterey County Board of Supervisors has refused to submit the initiative to Monterey County's voters at the June 2006 statewide primary election as required by the California Elections Code, thereby negating the constitutional rights of the thousands of Monterey County citizens who signed the initiative petitions and who support the adoption of Petitioners' proposed measure. Petitioners therefore seek immediate relief from this Court to compel Respondents to comply with the law and to vindicate the electorate's precious right to enact legislation by initiative.

2. Time is of the essence in this matter. Petitioners submitted their initiative petitions to the County Registrar on December 12, 2005, and Respondent Anchundo certified that the initiative petition had been signed by a sufficient number of registered voters on January 26, 2006. At its regular meeting of January 31, 2006, the Board of Supervisors initially delayed taking action on the initiative and instead ordered that reports be prepared pursuant to Elections Code section 9111. Those reports were presented to the Board at its February 28, 2006, meeting, triggering the Board's ministerial obligation under Elections Code section 9118 either (1) to adopt the initiative measure without alteration, or (2) to

submit the measure to the voters at the June 6, 2006, statewide primary election. Respondent Board of Supervisors, however, failed to take either of those actions and instead, by a three-to-two vote, passed a motion to prevent the qualified initiative measure from being voted on by the people. The statutory deadline for ordering the initiative measure to be placed on the June 6, 2006, election ballot is March 10, 2006, and there is no regularly scheduled Board meeting before that date. Therefore, in the absence of this Court's immediate intervention, Respondent Board of Supervisors will continue to shirk its obligation to call for a timely election on the proposed initiative measure as required by law, denying Petitioners and the thousands of Monterey County voters who signed the initiative petitions their constitutional right to petition their government and thwarting the democratic process in the County of Monterey.

## PARTIES

3.  Petitioner WILLIAM MELENDEZ is a resident, taxpayer, and qualified elector of Monterey County, and is one of the proponents of "The Monterey County Quality of Life, Affordable Housing, and Voter Control Initiative." Petitioner Melendez has a beneficial interest in ensuring that the Monterey County Board of Supervisors complies with its mandatory and ministerial obligations under the California Elections Code in order to secure the constitutional rights of Monterey County voters to initiate legislation through their reserved initiative powers.

4.  Petitioner KEN GRAY is a resident, taxpayer, and qualified elector of Monterey County, and is one of the proponents of "The Monterey County Quality of Life, Affordable Housing, and Voter Control Initiative," a proposed initiative measure that has been certified as satisfying all the legal requirements for qualification for the ballot. Petitioner Gray has a beneficial interest in ensuring that the Monterey County Board of Supervisors complies with its mandatory and ministerial obligations under the California Elections Code in order to secure the constitutional rights of Monterey County voters to initiate legislation through their reserved initiative powers.

5.  Petitioner JYL LUTES is a resident, taxpayer, and qualified elector of

Monterey County, and is one of the proponents of "The Monterey County Quality of Life, Affordable Housing, and Voter Control Initiative." Petitioner Lutes has a beneficial interest in ensuring that the Monterey County Board of Supervisors complies with its mandatory and ministerial obligations under the California Elections Code in order to secure the constitutional rights of Monterey County voters to initiate legislation through their reserved initiative powers.

6. Petitioner CAROLYN ANDERSON is a resident, taxpayer, and qualified elector of Monterey County, and is one of the proponents of "The Monterey County Quality of Life, Affordable Housing, and Voter Control Initiative." Petitioner Anderson has a beneficial interest in ensuring that the Monterey County Board of Supervisors complies with its mandatory and ministerial obligations under the California Elections Code in order to secure the constitutional rights of Monterey County voters to initiate legislation through their reserved initiative powers.

7. Petitioner LANDWATCH MONTEREY COUNTY is a nonprofit corporation whose mission is to inspire and promote sound land use policies at the city, county, and regional levels through grassroots community action. LandWatch Monterey County represents the interests of over 1500 households and over 2,000 individuals, the vast majority of whom reside in Monterey County, and was instrumental in securing the qualification of "The Monterey County Quality of Life, Affordable Housing, and Voter Control Initiative." Petitioner LandWatch Monterey County has a beneficial interest in ensuring that the Monterey County Board of Supervisors complies with its mandatory and ministerial obligations under the California Elections Code in order to secure the constitutional rights of Monterey County voters to initiate legislation through their reserved initiative powers.

8. Respondent and Defendant ("Respondent") BOARD OF SUPERVISORS OF THE COUNTY OF MONTEREY ("Board of Supervisors") is the governing body of the County of Monterey vested with various legislative, administrative, and executive duties, functions, and responsibilities under state and local law. Among the duties and responsibilities of the Board of Supervisors mandated by state law is the duty under Elections

1  Code section 9118 either to adopt a proposed initiative measure that has been certified as signed by a sufficient number of registered voters of the County or to submit the proposed initiative measure to the voters at the next statewide election occurring not less than 88 days after the date of the order of election.

9. Respondent TONY ANCHUNDO is the Registrar of Voters of the County of Monterey and is sued herein in his official capacity. Among the duties and responsibilities of the County Registrar is the responsibility as the County's election official to certify all proposed initiative measures to the Board of Supervisors and to make all necessary arrangements for and to supervise the holding of all county and statewide elections, including the upcoming June 6, 2006, statewide primary election.

10. Respondent COUNTY OF MONTEREY is a political subdivision of the State of California, organized and existing as a general law county under the laws of the State of California.

11. Petitioners are unaware of the true names and capacities of Respondents and Defendants DOES 1-10, inclusive, and they are therefore sued by such fictitious names pursuant to California Code of Civil Procedure section 474. Petitioners allege on information and belief that each such fictitiously named Respondent and Defendant is responsible or liable in some manner for the events and happenings referred to herein, and Petitioners will seek leave to amend this Petition and Complaint to allege their true names and capacities after the same have been ascertained.

### GENERAL ALLEGATIONS

12. Petitioners Melendez, Gray, Lutes, and Anderson are the proponents of a proposed countywide initiative measure entitled "The Monterey County Quality of Life, Affordable Housing, and Voter Control Initiative" (the "General Plan Amendment Initiative" or the "Initiative"). The Initiative proposes to amend Monterey County's outdated General Plan to provide better management of the future growth and development of Monterey County. Declaring that the existing land use policies — which permit and encourage large-scale, scattered developments in rural areas — are undermining the local economy, are

damaging the county's natural resources, are exacerbating housing, traffic, water quality and water supply problems, and are reducing the service capabilities of local police, fire and other agencies while providing irresponsible taxpayer subsidies for the developers, the Initiative would enact new General Plan policies that seek to reduce or eliminate the economic, social, and environmental problems caused by rapid, sprawling rural developments and thereby enhance the quality of life of all Monterey County residents. Among the specific amendments proposed by the Initiative are policies that would direct future development into Monterey County's cities and into five designated "community areas," policies that would increase affordable housing opportunities for working families in the county, policies that would require new development to be phased so that the necessary public infrastructure is completed prior to or concurrent with the new development, policies that help to preserve prime agricultural land, and policies that require voter approval of major development projects that are proposed to be located outside cities and the designated community areas.

13. On October 19, 2005, Petitioners commenced the process of qualifying their proposed initiative for the ballot by filing with Respondent Registrar of Voters Tony Anchundo a Notice of Intention to circulate the petition, together with the written text of the proposed measure and a request for preparation of a ballot title and summary pursuant to Elections Code section 9103. As called for by Elections Code section 9105, County Counsel prepared a ballot title and summary for the measure, giving it the title, "Amendment of the Monterey County General Plan, Including the North County Land Use Plan."

14. After receiving the ballot title and summary from the Registrar of Voters and publishing it and the Notice of Intention in a newspaper of general publication in Monterey County, as required by Elections Code section 9105, subdivision (b), Petitioners began to circulate the initiative petition among the voters of Monterey County. Although Elections Code section 9110 provides that an initiative's proponents may have 180 days from the date they receive the title and summary to gather the number of signatures necessary to qualify the Initiative for the ballot, Petitioners needed barely a month to obtain the necessary signatures for their proposed measure. On December 12, 2005, Petitioners filed with the

Registrar of Voters 202 petition sections, containing a total of 15,475 signatures, in support of the General Plan Amendment Initiative. In order to qualify for the ballot, Petitioners only needed to submit valid signatures of 8,697 registered voters in Monterey County, representing not less than ten percent (10%) of the total number of votes cast in the county for all candidates for governor in the most recent gubernatorial election.

15. On January 26, 2006, Registrar of Voters Anchundo completed his verification of the signatures on the initiative petition pursuant to Elections Code section 9114 and certified that the petition had been signed by 12,587 registered voters in the County of Monterey — almost 50% more than the number needed to qualify the Initiative for the ballot. (A true and correct copy of the Certificate of Registrar, certifying the sufficiency of the General Plan Amendment Initiative, is attached hereto as Exhibit A.) In accordance with Elections Code section 9114, the Registrar of Voters certified the results of his examination to Respondent Monterey County Board of Supervisors at its next regularly scheduled meeting on January 31, 2006.

16. Elections Code section 9118 provides, in full:

"If the initiative petition is signed by voters not less in number than 10 percent of the entire vote cast in the county for all candidates for Governor at the last gubernatorial election preceding the publication of the notice of intention to circulate an initiative petition, the board of supervisors shall do one of the following:

"(a) Adopt the ordinance without alteration at the regular meeting at which the certification of the petition is presented, or within 10 days after it is presented.

"(b) Submit the ordinance, without alteration, to the voters pursuant to subdivision (b) of Section 1405, unless the ordinance petitioned for is required to be, or for some reason is, submitted to the voters at a special election pursuant to subdivision (a) of Section 1405.

"(c) Order a report pursuant to Section 9111 at the regular meeting at which the certification of the petition is presented. When the report is presented to the board of supervisors, it shall either adopt the ordinance within 10 days or order an election pursuant to subdivision (b)."

17. At the January 31, 2006, meeting, Respondent Board of Supervisors received the Registrar's certification of sufficiency and chose the third option under Elections Code

section 9118, ordering that reports be prepared pursuant to Elections Code section 9111 on the Initiative's fiscal impact and consistency with the planning and zoning laws. The Board directed that the reports be completed and presented to the Board for consideration at its February 28, 2006, meeting.

18. Pursuant to Elections Code section 9118, subdivision (c), upon receiving the requested reports at its February 28, 2006, meeting, Respondent Board of Supervisors was thereupon required either to adopt the proposed measure within 10 days or to order that it be submitted to the voters of the County at the June 6, 2006, statewide primary election — i.e., at the next statewide election occurring not less than 88 days after the date of the order of election, in accordance with Elections Code section 1405, subdivision (b). In flagrant violation of the Elections Code, however, the Board of Supervisors took no action on the General Plan Amendment Initiative, refusing either to adopt the Initiative without alteration or to submit it to Monterey County's voters at the June 6, 2006, statewide election.

19. California statutory and case law is crystal clear that the Board of Supervisors has a mandatory and ministerial obligation to place a qualified initiative petition on the ballot and has no discretion to make its own unilateral determination whether a proposed initiative is valid or not. As the Court of Appeal held in *Save Stanislaus Area Farm Economy v. Board of Supervisors* (1993) 13 Cal.App.4th 141, 148 ("*Save Stanislaus*"), "local governments have the purely ministerial duty to place duly certified initiatives on the ballot." If the board of supervisors believes that an initiative is unlawful, it has the option of filing a petition for writ of mandate seeking a court order *removing* the initiative measure from the ballot. (*Id.,* at p. 149.) However, it may not — as Respondent Board of Supervisors has unlawfully done here — "unilaterally decide to prevent a duly qualified initiative from being presented to the electorate." (*Ibid.*)

20. Accordingly, the Board of Supervisors' refusal to comply with its ministerial duty to submit Petitioners' duly qualified initiative to Monterey County's voters at the June 6, 2006, statewide primary election violates both the California Constitution and the California Elections Code. Article II, section 11, subdivision (a), of the California Constitution

provides in relevant part: "Initiative and referendum powers may be exercised by the electors of each city or county under procedures that the Legislature shall provide." The California Legislature has provided that a countywide initiative petition "signed by voters not less in number than 10 percent of the entire vote cast in the county for all candidates for Governor at the last gubernatorial election" must either be adopted by the Board of Supervisors without alteration or be submitted to the voters at the next statewide election occurring at least 88 days after the order of election. (Elec. Code, §§ 9118, 1405(b).) Respondents have refused either to adopt the General Plan Amendment Initiative without alteration or to order that it be submitted to the voters at the June 6, 2006, statewide primary election, in clear violation of the California Constitution and the Elections Code.

21.   Time is of the essence in this action, because the statutory deadline for Respondent Board of Supervisors to issue an order placing a proposed measure on the June 6, 2006, statewide primary election ballot is March 10, 2006. Once an election is called on the initiative, an impartial analysis and written arguments for and against the measure must be prepared for inclusion in the voter information pamphlet, and sufficient time must be provided prior to the election for public review, potential legal challenges, and printing and distribution of these official ballot materials to the voters. If the preparations for conducting an election on the General Plan Amendment Initiative do not commence on or shortly after the March 10th statutory deadline, it will become increasingly difficult to consolidate an election on the Initiative with the June 6, 2006, primary election and to hold a fair and accurate election on the measure. Petitioners are informed and believe, and on that basis allege, that a majority of Respondent Board of Supervisors delayed taking action to call for an election on the General Plan Amendment Initiative specifically with the objective of preventing the Initiative from being voted on at the June 6, 2006, statewide primary election, and with the intent of postponing a vote on the Initiative to the November 2006 general election, by which time the Board of Supervisors hopes finally to have completed its own amendments to the Monterey County General Plan.

22.   Petitioners have no plain, speedy and adequate remedy in the ordinary course

of law, in that no damages or other legal remedy could compensate them for the harm that they and the electors of the County of Monterey would suffer if Respondents do not order a timely election on the General Plan Amendment Initiative, as required by the California Constitution and Elections Code section 9118.

23. Petitioners, who include and represent individual residents, taxpayers, and qualified electors of the County of Monterey, have a direct and beneficial interest in the action herein, and they bring this action as private attorneys general pursuant to California Code of Civil Procedure section 1021.5, in order to vindicate their own interests as well as the interests of all of the taxpayers and citizens of the County of Monterey in obtaining Respondents' compliance with the California Constitution, in the proper implementation of the state's election laws, and in the fair and impartial performance of Respondents' duties as county officials.

### FIRST CAUSE OF ACTION

(Writ of Mandate, Code Civ. Proc., § 1085)

24. Petitioners reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 23 above.

25. As set forth above, Respondents have a clear, present, and ministerial duty to comply with the California Constitution and the California Elections Code, and either to adopt the General Plan Amendment Initiative without alteration or to submit the Initiative to the voters of Monterey County at the June 6, 2006, statewide primary election.

26. If not otherwise directed by this Court's issuance of the requested writ of mandate, Respondents will continue to violate their ministerial duty as described above and will continue to refuse either to adopt Petitioners' Initiative or to order an election to be held on the Initiative, in violation of both the California Constitution and the California Elections Code. Issuance of the requested writ of mandate is thus necessary under state law in order to prevent the error and neglect of duty that has occurred in Respondents' refusal to comply with the requirements of the California Constitution and state election law.

## SECOND CAUSE OF ACTION

(Injunctive Relief)

27. Petitioners reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 26 above.

28. In the absence of this Court's injunction, Respondents will continue to refuse either to adopt Petitioners' Initiative or to order an election to be held on the Initiative, in violation of both the California Constitution and the California Elections Code, thereby causing Petitioners and the tens of thousands of other Monterey County voters who support the Initiative to suffer irreparable harm for which there is no adequate remedy at law.

## THIRD CAUSE OF ACTION

(Declaratory Relief)

29. Petitioners reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 28 above.

30. An actual controversy has arisen and now exists between Petitioners and Respondents concerning their respective rights and duties with respect to the General Plan Amendment Initiative. As described more fully above, Petitioners contend that Respondents have violated their duties under the California Constitution and the Elections Code by refusing either to adopt the Initiative into law or to order an election for the purpose of submitting the duly qualified initiative to the Monterey County electorate. On information and belief, Respondents contend in all respects to the contrary. A judicial declaration as to the legality of Respondents' refusal to adopt Petitioners' Initiative or to order the Initiative to be submitted to Monterey County's voters at the June 6, 2006, statewide primary election is therefore necessary and appropriate to determine the respective rights and duties of the parties.

## PRAYER FOR RELIEF

WHEREFORE, Petitioners and Plaintiffs respectfully pray for judgment as follows:

1. On the First Cause of Action, that this Court issue its alternative and peremptory writs of mandate commanding Respondents Monterey County Board of

Supervisors, Monterey County Registrar of Voters Tony Anchundo, and the County of Monterey either (1) to adopt the duly certified "Monterey County Quality of Life, Affordable Housing, and Voter Control Initiative" without alteration, or (2) to submit the "Monterey County Quality of Life, Affordable Housing, and Voter Control Initiative," without alteration, to the voters of Monterey County at the June 6, 2006, statewide primary election;

2. On the Second Cause of Action, that this Court issue a temporary restraining order and preliminary and permanent injunctions enjoining Respondents Monterey County Board of Supervisors, Monterey County Registrar of Voters Tony Anchundo, and the County of Monterey either (1) to adopt the duly certified "Monterey County Quality of Life, Affordable Housing, and Voter Control Initiative" without alteration, or (2) to submit the "Monterey County Quality of Life, Affordable Housing, and Voter Control Initiative," without alteration, to the voters of Monterey County at the June 6, 2006, statewide primary election;

3. On the Third Cause of Action, that this Court issue its judgment declaring that Respondent Monterey County Board of Supervisors has violated its duties under the California Constitution and the California Elections Code by refusing either to adopt the duly certified "Monterey County Quality of Life, Affordable Housing, and Voter Control Initiative" without alteration, or to submit the Initiative, without alteration, to the voters of Monterey County at the June 6, 2006, statewide primary election;

4. On each and every Cause of Action, that this Court award Petitioners and Plaintiffs the costs of this litigation, including out-of-pocket expenses and reasonable attorneys' fees; and

5. On each and every Cause of Action, that this Court grant such other, further or different relief as the Court may deem just and proper.

//

//

| | | |
|---|---|---|
| 1 | Dated: March 1, 2006 | STRUMWASSER & WOOCHER LLP |
| 2 | | Fredric D. Woocher |
| | | Michael J. Strumwasser |
| 3 | | Zahirah Washington |
| 4 | | LAW OFFICE OF J. WILLIAM YEATES |
| | | J. William Yeates |
| 5 | | Keith G. Wagner |
| | | Jason R. Flanders |

By _____/s/ Fredric D. Woocher_____
    Fredric D. Woocher

*Attorneys for Petitioners and Plaintiffs*
*William Melendez, Ken Gray, Jyl Lutes,*
*Carolyn Anderson, and Landwatch Monterey*

12

VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

## VERIFICATION

I, Chris Fitz, declare:

I am the Executive Director of LandWatch Monterey, one of the Petitioners and Plaintiffs in the above-titled action.

I have read the foregoing VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF and know the contents thereof to be true of my own knowledge, except as to those matters that are alleged on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ____1____ day of March, 2006, at ____Salinas____, California.

_____
Chris Fitz

EXHIBIT A

# MONTEREY COUNTY ELECTIONS

PO BOX 4400  
Salinas, CA 93912

1370B South Main Street  
Salinas, CA 93901

831-796-1499 Phone  
831-755-5485 Fax

www.MontereyCountyElections.us     E-mail:ROV@MontereyCountyElections.us

**Tony Anchundo**  
Registrar of Voters

## CERTIFICATE OF REGISTRAR

I, Tony Anchundo, Registrar of Voters, for the County of Monterey, State of California do hereby certify that:

1. An initiative petition titled: AMENDMENT OF THE MONTEREY COUNTY GENERAL PLAN, INCLUDING THE NORTH COUNTY LAND USE PLAN was filed with the Clerk to the Board of Supervisors and forwarded to the Registrar of Voters for signature verification on December 12, 2005; and

2. The petition contained 202 sections and 15,475 unverified signatures; and

3. Pursuant to California Elections Code § 9118, in order to be sufficient, the petition must bear signatures of at least 10 (ten) percent of the entire votes cast within the boundaries of the county for all candidates for Governor at the last gubernatorial election. The number of votes cast for Governor in the November 5, 2002 Gubernatorial General Election was 86,974; and

4. I have examined signatures on this petition pursuant to California Elections Code§9114. Based on the examination of signatures from the records of registrations it was determined that 12,587 signatures were valid.

In witness whereof, I hereby set my hand and affix my official seal this 26th day of January, 2006.

TONY ANCHUNDO  
Registrar of Voters  
County of Monterey

(Seal)