| | |
|---|---|
| 1 | OFFICE OF THE MONTEREY COUNTY COUNSEL |
|  | CHARLES J. MCKEE (SBN 152458), COUNTY COUNSEL |
| 2 | LEROY W. BLANKENSHIP (SBN 065233), ASSISTANT COUNTY COUNSEL |
|  | EFREN N. IGLESIA (SBN 71309), SENIOR DEPUTY COUNTY COUNSEL |
| 3 | 168 W. ALISAL, 3RD FLOOR |
|  | SALINAS, CA  93901-2680 |
| 4 | Telephone:  (831) 755-5045 |
|  | Facsimile:  (831) 755-5283 |
| 5 | |
|  | NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP |
| 6 | STEPHEN N. ROBERTS (SBN 062538) |
|  | NICOLE A. TUTT (SBN 179244) |
| 7 | 50 CALIFORNIA STREET, 34TH FLOOR |
|  | SAN FRANCISCO, CALIFORNIA 94111-4799 |
| 8 | Telephone: (415) 398-3600 |
|  | Facsimile: (415) 398-2438 |
| 9 | Email: montereycase@nossaman.com |
| 10 | NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP |
|  | JOHN J. FLYNN III (SBN 076419) |
| 11 | 18101 VON KARMAN AVENUE |
|  | IRVINE, CA  92612-0177 |
| 12 | Telephone: (949) 833-7800 |
|  | Facsimile: (949) 833-7878 |
| 13 | Email: montereycase@nossaman.com |
| 14 | Attorneys for Defendants/Respondents |
|  | BOARD OF SUPERVISORS OF THE COUNTY OF MONTEREY; |
| 15 | TONY ANCHUNDO, IN HIS CAPACITY AS MONTEREY COUNTY |
|  | REGISTRAR OF VOTERS; AND THE COUNTY OF MONTEREY |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| WILLIAM MELENDEZ; KEN GRAY; JYL LUTES; CAROLYN ANDERSON; AND LANDWATCH MONTEREY COUNTY, | ) ) ) ) | Case No:  C 06-1730 JW |
|  |  | ASSIGNED FOR ALL PURPOSES TO: HON. JAMES WARE |
| Plaintiffs/Petitioners, | ) ) |  |
| vs. | ) ) ) | **DEFENDANTS' REPLY TO *MADRIGAL* CASE PLAINTIFFS' MOTION FOR INJUNCTION** |
| BOARD OF SUPERVISORS OF THE COUNTY OF MONTEREY; TONY ANCHUNDO, IN HIS CAPACITY AS MONTEREY COUNTY REGISTRAR OF VOTERS; COUNTY OF MONTEREY; AND DOES 1 THROUGH 10, INCLUSIVE, | ) ) ) ) ) ) ) | Date:    March 21, 2006<br>Time:    10:00 a.m.<br>Dept:    8 |
| Defendants/Respondents. | ) ) |  |

## 1. INTRODUCTION

The motion for an injunction submitted by the *Madrigal* case Plaintiffs should be denied, not because the legal arguments relating to the Federal Voting Rights Act lack merit, but because there is no threat on the part of the Defendants that the actions Plaintiffs seek to enjoin will be taken.  As set forth in the Declaration of Defendant Tony Anchundo, and discussed extensively in the briefs relating to the *Melendez* Plaintiffs' motions, the Board of Supervisors voted not to place the matter on the ballot.  Since the harm the *Madrigal* Plaintiffs seek to prevent is holding the election, there is consequently no threatened harm to the *Madrigal* Plaintiffs from Defendants.  While Defendants may disagree on certain points raised in the *Madrigal* Plaintiffs' brief, they agree it is appropriate not to go forward with the election and have acted accordingly.  There is no need for an injunction.

## 2. THERE IS NO THREAT OF COGNIZABLE HARM BY DEFENDANTS

The most basic requirement of injunctive relief is that the plaintiff must show some danger of cognizable harm by defendant.  *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953); *U.S. v. Nutri-Cology, Inc.,* 982 F. 2d 394, 397 (9th Cir. 1992) ("possibility of irreparable harm").  Such a demonstration cannot be made by the *Madrigal* plaintiffs.  The Board determined not to go forward with the election.  There is simply no evidence presented that there is any danger of harm to this group from these Defendants.  Indeed, the *Madrigal* Plaintiffs concede that these Defendants pose no threat of harm to them.  *Plaintiffs' Memorandum of Points and Authorities*, at page 10, line 14 to page 11, line 5.  If the harm of which they complain occurs, it will only be because the Court determines it is proper for the election to go forward as a result of the *Melendez* Plaintiffs' arguments, not any voluntary act by the Defendants.  *Ibid*.  Thus no treat of harm gives rise to injunctive relief against these Defendants.  That is especially the case considering the drastic nature of injunctive relief—making the Defendants subject to contempt power for something they are not threatening to do.

The motion should be denied.

### 3. CONSOLIDATION

Although it is Defendants' understanding that the Court intends to consolidate the two actions, because a formal written order of consolidation has not yet been issued, this brief will be filed in both the *Madrigal* and *Melendez* cases, to mirror the action that the *Madrigal* Plaintiffs seem to have taken.

Dated: March 20, 2006                NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

By: ____/ S /_____
       STEPHEN N. ROBERTS

Attorneys for Defendants/Respondents
BOARD OF SUPERVISORS OF THE COUNTY OF MONTEREY; TONY ANCHUNDO, IN HIS CAPACITY AS MONTEREY COUNTY REGISTRAR OF VOTERS; AND THE COUNTY OF MONTEREY