1  Joaquin G. Avila (State Bar No. 56484)
   634 South Spring Street, 11th Floor
2  Los Angeles, CA 90014
   Telephone: (206) 398-4117
3  Facsimile: (206) 398-4036

4  Attorney for Plaintiffs
   SABAS RANGEL and MARIA BUELL
5

6              UNITED STATES DISTRICT COURT

7              NORTHERN DISTRICT OF CALIFORNIA

8

9                                    )
10  In re: County of Monterey Initiative  )   CIVIL ACTION NOS.
    Matter                            )   C 06-01407 JW
11                                    )   C 06-02202 JW
    and                              )
12                                    )   **PLAINTIFFS RANGEL, *ET AL.*,**
                                      )   **MEMORANDUM OF POINTS AND**
13  In re Monterey Referendum         )   **AUTHORITIES IN OPPOSITION OF**
                                      )   ***MELENDEZ* PLAINTIFFS' AND**
14                                    )   ***RANCHO SAN JUAN OPPOSITION***
                                      )   ***COALITION* PLAINTIFFS' MOTION**
15          Defendants.               )   **FOR SUMMARY JUDGMENT**

16                                        Hearing Date: February 27, 2007
17                                        Time:          9:00 am
                                          Courtroom:     8
18                                        Judge:         Hon. James Ware

19

20

21

22

23

24

25

26

27  In re: County of Monterey Initiative and Referendum
    Plaintiffs Rangel, *et al.*, Memo. In Opposition to *Melendez* Plaintiffs
28  and *Rancho San Juan Opposition Coalition* Plaintiffs' Motion
    for Summary Judgment, Civ. Act. Nos. C 06-02202 JW; C 06-01407 JW

1   The Rangel Plaintiffs oppose the Motion for Summary Judgment and the Motion for

2   Injunctive Relief filed by the Melendez and Rancho San Juan Opposition [hereinafter cited as

3   Rancho San Juan] Plaintiffs.  The Rangel Plaintiffs contend that the translation requirements of

4   Section 203 of the 1965 Voting Rights Act, as amended in 2006, 42 U.S.C. § 1973aa-

5   1a(c)[hereinafter referenced as Section 203], apply to citizen circulated referenda petitions.  The

6   Melendez and Rancho San Juan Plaintiffs contend that such citizen circulated referenda petitions

7   are not subject to these translation requirements.  However before addressing the merits of this

8   issue, the Court will need to determine whether a Three Judge Court should be convened to

9   resolve this Section 203 case.

10   As to the convening of a Three Judge Court, the Rangel Plaintiffs presented their

11   arguments in their opening brief and will only refer to one of the arguments.  The construction

12   urged by the Melendez and Rancho San Juan Plaintiffs in opposing the convening of a Three

13   Judge Court will result in an anomalous result.  This anomalous result is achieved if there is a

14   Section 203 case filed by private plaintiffs and no Three Judge Court is convened and a similar

15   lawsuit is filed by the United States Attorney General against the same jurisdiction and a Three

16   Judge Court is convened.  When both cases are consolidated a Three Judge Court will need to be

17   convened and be present when the United States Attorney presents an argument regarding a

18   construction of Section 203 and will need to be recused when a similar argument is presented by

19   the private plaintiffs.  Under such a scenario a judgment will be rendered by both a Three Judge

20   Court and a single judge Court addressing the same legal issue.  Such an anomalous result

21   illustrates the difficulty presented by construing the jurisdictional statute, Section 204 of the

22   Voting Rights Act, 42 U.S.C. § 1973aa-2, differently depending upon the status of the plaintiff.

23   Moreover, the basis for any Section 203 case is dependent upon a jurisdictional statute

24   conferring authority on a federal court to adjudicate any claims involving Section 203.  As

25   previously noted in the opening brief, that jurisdictional statute is Section 204.  Since Section

26

27   In re: County of Monterey Initiative and Referendum
     Plaintiffs Rangel, *et al.*, Memo. In Opposition to *Melendez* Plaintiffs
     and *Rancho San Juan Opposition Coalition* Plaintiffs' Motion

28   for Summary Judgment, Civ. Act. Nos. C 06-02202 JW; C 06-01407 JW                           1

1   204 does not explicitly permit private parties to initiate Section 203 actions, the basis for private

2   party jurisdiction must be derived by implication as the United States Supreme Court concluded

3   when construing Section 5, 42 U.S.C. § 1973c, of the Voting Rights Act. *Allen v. State Board of*

4   *Elections*, 393 U.S. 544 (1969).

5        Another argument presented by the Melendez and Rancho San Juan Plaintiffs opposing

6   the convening of a Three Judge Court is without merit.  The Melendez and Rancho San Juan

7   Plaintiffs contend that the presence of the removed action that was consolidated with the Rangel

8   Plaintiffs' litigation inoculates the Rangel action from the application of the Three Judge Court

9   statute.  Such an argument ignores the explicit congressional judgment that statutory

10  constructions and application of Section 203 should be determined by a Three Judge Court.  Thus

11  as long as a federal action is present in federal court and that federal action is consolidated with

12  other cases that raise state law issues that implicate the construction and application of Section

13  203, a Three Judge Court should be convened to adjudicate the Section 203 issue.  The

14  application of Section 203 as construed by the Three Judge Court then becomes the law of the

15  case with respect to any of the other consolidated actions where the Section 204 translation

16  requirements may be implicated.  In summary these arguments opposing the convening of a

17  Three Judge Court in this action are without merit.  For these reasons the Court should consistent

18  with the requirements of 28 U.S.C. § 2284 request the convening of a Three Judge Court.

19       As to the arguments on the merits, the Rangel Plaintiffs have reviewed the arguments

20  presented by Monterey County in its Memorandum of Points and Authorities in Support of

21  Summary Judgment in Referendum Cases and in Support of Dismissal in the Melendez Initiative

22  Case, Civil Action 5:06-cv-02202-JW, Docket Item No. 51, filed February 7, 2007.  These

23  arguments both support the Rangel Plaintiffs' motion for summary judgment and serve as a basis

24  for opposing the Melendez and Rancho San Juan Plaintiffs motions for summary judgment and

25  request for injunctive relief.  Rather than repeat these arguments in this filing, for purposes of

26

27  In re: County of Monterey Initiative and Referendum
    Plaintiffs Rangel, *et al*., Memo. In Opposition to *Melendez* Plaintiffs
    and *Rancho San Juan Opposition Coalition* Plaintiffs' Motion

28  for Summary Judgment, Civ. Act. Nos. C 06-02202 JW; C 06-01407 JW                2

1    both supporting the Rangel Plaintiffs' motion for summary judgment and opposing the Melendez

2    and Rancho San Juan Plaintiffs' motions for summary judgment and for injunctive relief, the

3    Rangel Plaintiffs adopt the arguments as they relate to the question of whether Section 203

4    applies to referenda petitions, including the arguments that the statutory language of Section 203

5    requires the translation of referenda petitions into Spanish, that the administrative practices and

6    procedures promulgated by the United States Attorney General also requires the translations of

7    referenda petitions into Spanish, that Congress in reauthorizing the Voting Rights Act in 2006

8    did not alter the translation requirement of Section 203 as it applies to referenda petitions, that

9    *Padilla v. Lever*, 463 F.3d 1046 (2006) does not apply to referenda petitions.  For these reasons,

10   the Melendez and Rancho San Juan Plaintiffs' motions for summary judgment and a preliminary

11   injunction should be denied.

12

13   Date: February 13, 2007                          Joaquin G. Avila
                                                       Attorney for the Plaintiffs
14

15

16                                                        /s/ Joaquin G. Avila

17                                                     Joaquin G. Avila

18

19

20

21

22

23

24

25

26

27   In re: County of Monterey Initiative and Referendum
     Plaintiffs Rangel, *et al*., Memo. In Opposition to *Melendez* Plaintiffs
     and *Rancho San Juan Opposition Coalition* Plaintiffs' Motion
28   for Summary Judgment, Civ. Act. Nos. C 06-02202 JW; C 06-01407 JW                          3