United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re: County of Monterey Initiative Matter

and

In re: Monterey Referendum

No. C 06-01730 JW
C 06-02202 JW
C 06-02369 JW

**ORDER DENYING COUNTY'S MOTION TO CLARIFY OR ALTER JUDGMENT**

## I. INTRODUCTION

Monterey County ("the County") is subject to the federal Voting Rights Act of 1965, 42 U.S.C. §§ 1973 et seq., pursuant to which it must provide registered voters with voting materials in both English and Spanish. The County approved a citizen-sponsored initiative and referendum for signature-gathering purposes; both measures' proponents distributed English-only materials. Based on the *en banc* decision in Padilla v. Lever, 463 F.3d 1046 (9th Cir. 2006), the Court found that the English-only materials did not violate the Voting Rights Act and directed the County to place the Initiative and the Referendum on the ballot.[1]

---

[1] (Order Denying Rangel Plaintiffs' Request for Convening of a Three Judge Court; Granting the Melendez and the Rancho San Juan Opposition Coalition Plaintiffs' Motion for Summary Judgment; and Ordering the County of Monterey to Submit the Initiative and Referendum to Voters of the Monterey County at the June 5, 2007 County Election, hereafter, "March 29 Order," Docket Item No. 73; Summary Judgment, hereafter, "Judgment," Docket Item No. 74. Citations in this Order are to the docket in Case No. C 06-02202 JW.)

Presently before the Court is the County's Motion to Clarify or Alter Judgment. The County contends that the Plaintiffs in the Melendez and Rancho San Juan Opposition Coalition ("Rancho") actions (collectively, "Plaintiffs") are not entitled to attorneys' fees. The Court found the motion appropriate for submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court DENIES the County's Motion to Clarify or Alter Judgment.

## II. BACKGROUND

The facts of the two sets of consolidated cases are found in the Court's March 29 Order. For the purposes of this Order, the Court briefly summarizes the relevant facts.

**A.**     ***In re County of Monterey Initiative Matter***[2]

A group of Monterey County citizens drafted an initiative (the "Initiative") that would revise County land use and zoning laws; the Initiative's proponents circulated materials for voters' signatures in English only. On February 24, 2006, a group of Spanish-speaking citizens (the "Madrigal Plaintiffs") sued the County in this Court pursuant to the Voting Rights Act. On February 28, 2006, the County's Board of Supervisors ("the Board") voted not to place the Initiative on the ballot. On March 1, 2006, the Initiative's proponents (the "Melendez Plaintiffs") filed a mandamus action in Monterey County Superior Court, alleging that the County had a ministerial duty to place the Initiative on the ballot. On March 7, 2006, the County removed the Melendez action to this Court pursuant to 28 U.S.C. § 1443(2), alleging that the Initiative was invalid because it failed to comply with the language provisions of the Voting Rights Act.

**B.**     ***In re Monterey Referendum***[3]

In November 2005, the Board passed a resolution to amend certain provisions of, *inter alia*, the Monterey County General Plan ("Resolution"). The plaintiffs in the Rancho San Juan

---

[2]  Rosario Madrigal, et al., v. The County of Monterey, et al., No. C 06-01407 JW and William Melendez, et al., v. Board of Supervisors of the County of Monterey, et al., No. C 06–1730, consolidated as **"*In re County of Monterey Initiative Matter.*"**

[3]  Sabas Rangel, et al., v. County of Monterey, et al., No. C 06-02202 JW and Rancho San Juan Opposition Coalition, et al., v. Board of Supervisors of the County of Monterey, et al., No. C 06-02369, consolidated as **"*In re Monterey Referendum.*"**

2

Opposition Coalition action began circulating a referendum against the Resolution for voters' signatures, printed only in English ("Referendum"). The Board ordered that the Referendum be placed on the June 2006 ballot. In response, Sabas Rangel and Maria Buell (the "Rangel Plaintiffs") sued the County in this Court alleging violation of the Voting Rights Act. On March 28, 2006, the Board withdrew the Referendum from the June ballot. On April 3, 2006, the Rancho Plaintiffs filed a state law action to compel the County to place the Referendum on the ballot.[4] On April 6, 2006, the County removed the Rancho action to this Court pursuant to 28 U.S.C. § 1443(2), alleging that the Referendum was invalid because it did not comply with the language provisions of the Voting Rights Act.

**C.   Procedural History**

On cross-motions for summary judgment, the Court found that citizen-sponsored petitions in the County were not required to be made available in both English and Spanish, pursuant to the Ninth Circuit's *en banc* ruling in Padilla v. Lever, 463 F.3d 1046 (9th Cir. 2006). The Court ordered the County to submit the Initiative and the Referendum to the voters at the June 5, 2007 county election. The Court's Judgment specifically stated, "The Plaintiffs [Melendez and Rancho] are entitled to recover reasonable costs and fees." Id.

The County moves to clarify or alter the Court's Judgment. In particular, the County seeks to strike the word "fees" to the extent that it allows Plaintiffs to recover attorneys' fees.

**III.  DISCUSSION**

**A.   Absence of Prior Briefing or Argument**

The County first contends that it would be "manifestly unjust" for the Court to decide the issue of the Plaintiffs' entitlement to attorneys' fees without prior briefing or argument.

---

[4] The Rancho Plaintiffs sought a writ of mandate pursuant to California Code of Civil Procedure § 1085 and California Elections Code § 1331, alleging that the County had a clear ministerial duty to comply with the California Constitution and Elections Code by placing the Referendum on the ballot.

3

1  (Memorandum of Points and Authorities in Support of Defendant's Motion to Clarify or Alter
2  Judgment at 3-4, hereafter, "Motion," Docket Item No. 73.)
3        The Federal Rules of Civil Procedure provide that claims for attorneys' fees shall be made by
4  motion "unless the substantive law governing the action provides for the recovery of such fees as an
5  element of damages to be proved at trial." Fed. R. Civ. P. 54(d)(2)(A). However, courts within the
6  Ninth Circuit have declared a prevailing party's entitlement to attorneys' fees without briefing
7  where a statute has authorized an award of attorneys' fees, leaving only the *amount* of fees to be
8  determined following the parties' briefing. See, e.g. Williams v. Alioto, 625 F.2d 845 (9th Cir.
9  1980); Gomez v. City of Watsonville, 863 F.2d 1407 (9th Cir. 1988).
10        The Court finds that the Federal Rules require the Court to allow the parties to brief the issue
11  of the *amount* of attorneys' fees, but do not mandate that the Court provide an opportunity for the
12  parties to brief the issue of *availability* of attorneys' fees, specially when such fees are provided for
13  by a statute. Accordingly, the Court finds that its previous declaration that Plaintiffs were entitled to
14  recover attorneys' fees was proper.

15  **B.**   **Entitlement to Fees Under Federal Voting Rights Act**

16        The County contends that the federal Voting Rights Act only provides for an award of
17  attorneys' fees under specific circumstances not applicable here. (Motion at 5.) Specifically, the
18  County contends that the Plaintiffs did not bring an action to enforce voting guarantees. (Motion at
19  5-7.)
20        A federal court does not usually order one party to pay another party's attorneys' fees unless
21  Congress has authorized fee awards by statute. King v. Illinois State Bd. of Educ., 410 F.3d 404,
22  412 (7th Cir. 2005) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240 (1975)).
23  The Voting Rights Act provides, "In any action or proceeding to enforce the voting guarantees of the
24  Fourteenth or Fifteenth Amendment the court, in its discretion, may allow the prevailing party, other
25  than the United States, a reasonable attorney's fee . . . ." 42 U.S.C. § 1973l(e). That is, as the King
26  court found, "[B]y providing a reasonable attorneys' fee to those who as 'private attorneys general'
27
28

**United States District Court**
For the Northern District of California

1 take it upon themselves to invoke and thereby invigorate federal constitutional and statutory rights,
2 Congress hoped to encourage private citizens to initiate court action to correct violations of the
3 Nation's civil rights statutes and to ensure that those who violate the Nation's fundamental laws do
4 not proceed with impunity." Id. (internal citations and quotations omitted). Section 1973l(e)
5 "should be liberally construed to achieve the public purposes involved in the Congressional
6 enactment." Seals v. Quarterly County Court, 562 F.2d 390, 393 (6th Cir. 1977). In tandem with
7 these purposes of the Voting Rights Act, Congress also provided for removal where, *inter alia*, a
8 defendant faces a civil action due to its refusal to do any act on the ground that it is inconsistent with
9 a federal law providing for the equal civil rights of United States citizens. 28 U.S.C. § 1443(2).

10 In this case, the Melendez and Rancho Plaintiffs undisputedly brought suit only under
11 California state law. However, the County removed both actions pursuant to 28 U.S.C. § 1443(2), a
12 section that facilitates the purposes of, *inter alia*, the Voting Rights Act. That is, Section 1443(2)
13 provides for federal judicial review of a party's actions, or failures to act, taken under color of
14 federal civil rights law. If a hypothetical plaintiff brought a successful suit under the language
15 provisions of the Voting Rights Act, it could have received attorneys' fees from the County. See,
16 e.g. Chinese for Affirmative Action v. Leguennec, 580 F.2d 1006, 1009 (9th Cir. 1978). Similarly,
17 if a hypothetical plaintiff had brought such a suit and the County had prevailed, the County could
18 have recovered attorneys' fees from the hypothetical plaintiff. Id. The Court finds that this result is
19 not altered simply because the County, rather than Plaintiffs, first invoked the Voting Rights Act.
20 When the County invoked the Voting Rights Act, the Melendez and Rancho actions became actions
21 to enforce the voting guarantees of the Fourteenth Amendment. Accordingly, as the prevailing
22 parties, Plaintiffs are entitled to reasonable fees and costs.

23 **C.    Entitlement to Fees Under California State Private Attorney General Statute**

24 The County additionally contends that Plaintiffs are not entitled to recover attorneys' fees
25 under California's state private attorney general statute. (Motion at 7-8.) Since the Court has

5

already found that Plaintiffs are entitled to recover attorneys' fees under the federal Voting Rights Act, the Court need not address this argument.

**D.     Fee Award Against Individual Defendants**

The County contends that the Court should alter its Judgment to exclude Tony Anchundo, an Individual Defendant. (Motion at 8.) Tony Anchundo was sued only in his official capacity as the Registrar of Voters for the County. Under Hafer v. Melo, the Court dismissed the Board of Supervisors and Tony Anchundo as Defendants in both consolidated actions. 502 U.S. 21, 25 (1991); See March 29 Order at 5. In addition, the Court explicitly only entered Judgment against the County. (See Judgment at 1-2.) Accordingly, the Court need not alter its Judgment in this regard.

## IV.  CONCLUSION

The Court DENIES the County's Motion to Clarify or Alter Judgment.

Dated:  May 17, 2007

JAMES WARE
United States District Judge

6

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Fredric D. Woocher fwoocher@strumwooch.com
Joaquin Guadalupe Avila avilaj@seattleu.edu
John Andrew Ramirez jramirez@rutan.com
Mark J. Austin maustin@rutan.com
Michael J. Strumwasser mstrumwasser@strumwooch.com
Stephen N. Roberts sroberts@nossaman.com

**Dated:  May 17, 2007**                              **Richard W. Wieking, Clerk**

                                                      **By:   /s/ JW Chambers**
                                                            **Elizabeth Garcia**
                                                            **Courtroom Deputy**

**United States District Court**
For the Northern District of California